# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

MARK WOMBLE,             :
                                     :
        Petitioner,          :
                                       :
v.                                      :
                                     :       **No. 5:05-CR-78 (CAR)**
UNITED STATES OF AMERICA,    :
                                     :
        Respondent.       :
_____ :

## ORDER ON THE RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 183] to dismiss Petitioner Mark Womble's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 178] as untimely. Specifically, the Magistrate Judge concluded that Petitioner failed to file his Motion within the one-year statute of limitations period set forth in 28 U.S.C. § 2255(f). Petitioner, proceeding *pro se*, has filed an Objection to the Recommendation [Doc. 184]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's Objection, has made a *de novo* determination of the portions of the Recommendation to which Petitioner objects, and finds his Objection to be without merit.

On March 15, 2007, this Court sentenced Petitioner to 168 months imprisonment. On January 27, 2010, Petitioner filed the instant Motion to Vacate.

After concluding that Petitioner's Motion was filed roughly 657 days out of time under § 2255(f)(1), the Magistrate Judge found that Petitioner's Motion was also untimely pursuant to § 2254(f)(4). Specifically, the Magistrate Judge concluded that Petitioner's conclusory allegations were vague and unconvincing and that he failed to exercise due diligence in attempting to learn whether his attorney filed his requested appeal.

In his Objection, Petitioner largely restates the same points raised in his Motion and reasserts his allegations to support a finding of due diligence: (1) roughly three months after being sentenced (approximately May of 2007), he sent a letter to his attorney; (2) his mother called his attorney "on several occasions" concerning his appeal; and (3) on February 11, 2010, he requested a copy of his docket sheet from the Clerk of Court.[1]

The Court agrees with the Magistrate Judge's ultimate determination that Petitioner's vague and conclusory allegations are insufficient to establish due diligence. Additionally, because the Magistrate Judge did not specifically reference Petitioner's second allegation in his Recommendation, the Court finds it prudent to do so now. The Court finds that his allegation regarding his mother's efforts is also not a "reasonably specific, non-conclusory fact[ ] that, if true, would entitle him to relief."[2] Similar to the deficiencies raised in the Recommendation regarding Petitioner's letter, Petitioner does not offer any reasonably specific facts about the timing of his mother's

---

[1] [Doc. 184 at 3].
[2] *Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002).

phone calls, the amount of phone calls she made, or if his mother's phone calls somehow affected his due diligence.

Petitioner also argues that that an evidentiary hearing is required in order for the Court to determine if his mother actually spoke with his attorney. While Petitioner is correct that due diligence determinations often require factual development in the form of an evidentiary hearing,[3] an evidentiary hearing is no way required. A petitioner is entitled to an evidentiary hearing when he "alleges facts that, if true, would entitle him to relief."[4] The issue of whether Petitioner's mother spoke with his attorney is immaterial to this Court's instant inquiry because it has no bearing on whether the conversation (or lack thereof) had any effect on his efforts to be diligent. Thus, an evidentiary hearing on this basis is without merit because Petitioner has failed to allege facts that, if true, would entitle him to relief.

Accordingly, the Court agrees with the reasoning and conclusions of the Magistrate Judge as set forth in the Recommendation. The Recommendation [Doc. 183] is therefore **ADOPTED** and **MADE THE ORDER OF THIS COURT**, and Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. ▪ 2255 [Doc. 178] is **DENIED**. Additionally, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.

---

[3] *See, e.g., id.* at 712.
[4] *Id.* at 715.

**SO ORDERED,** this 14th day of November, 2012.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH